**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

MARILYN W. WEAVER,                :

    Plaintiff,              :

vs.                                              CA 05-0656-BH-C

                                    :

JO ANNE B. BARNHART,
Commissioner of Social Security,  :

    Defendant.

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits. This action has been referred to the Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the May 31, 2006 hearing before the Magistrate Judge, it is determined that the decision to deny benefits should be affirmed.

Plaintiff alleges disability due to degenerative disc disease of the L-spine with possible radiculopathy and osteoarthritis of the right hip. The

Administrative Law Judge (ALJ) made the following relevant findings:

> 3.   The claimant's degenerative disc disease of the lumbar spine with possible radiculopathy and osteoarthritis of the right hip are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c). The claimant and her attorney denied any severe mental impairment at the hearing.
>
> 4.   These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5.   The undersigned finds the claimant's allegations regarding her limitations are not totally credible as treating doctors and [an] examining specialist found her capable of more than she alleged. Further, the claimant has sought little and very conservative medical treatment despite alleging severe and chronic pain.
>
> 6.   The claimant has the following residual functional capacity: sit one hour at a time for a total of eight hours per eight hour workday, stand one hour at a time for a total of six hours per eight hour workday, and walk one hour at a time for a total of four hours per eight hour workday, lift and carry occasionally up to 25 pounds and frequently between six to twenty pounds, frequently reach, and occasionally [b]end, squat, crawl, and climb.
>
> 7.   The claimant's past relevant work as child attendant did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR § 404.1565).
>
> 8.   The claimant's medically determinable degenerative disc disease of the lumbar spine with possible radiculopathy and osteoarthritis of the right hip do not prevent the claimant from performing her past relevant work.
>
> 9.   The claimant was not under a "disability" as defined in

> the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(f)).

(Tr. 30-31) The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform her past relevant work as a childcare attendant, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[1]

Although the claimant bears the burden of demonstrating the inability to return to her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). Social Security Ruling 82-61 recognizes three possible tests for determining whether or not a claimant retains the capacity to perform her past relevant work. They are as follows:

> 1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc.[2]
>
> 2. Whether the claimant retains the capacity

---

[1] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

[2] As recognized in the ruling, use of this test is likely to be "fallacious and insupportable" because "[w]hile 'delivery jobs,' 'packaging jobs,' etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge."

>to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.
>
>3.      Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy.[3]

Under § 404.1520(e) of the Commissioner's regulations, a claimant will be found to be "not disabled" when it is determined that she retains the residual functional capacity to perform the actual functional demands and job duties of a particular past relevant job or the functional demands and job duties of the occupation as generally required by employers throughout the national economy.  SSR 82-61.

In this case, the ALJ has relied upon test three above to determine that the claimant can perform her past relevant work as a childcare attendant. (*See* Tr. 29 & 30 ("The evidence in this case establishes that the claimant has past relevant work as a daycare worker, cashier, stock person, and janitor/cleaner. The impartial vocational expert testified that based upon the claimant's residual functional capacity, the claimant could return to her past relevant work as child attendant. The expert witness testified that the standing and

---

[3]     The Dictionary of Occupational Titles' descriptions can be relied upon to define the job as it is usually performed in the national economy.

walking limitations precluded the performance of her other prior jobs. The claimant reported that she worked as a child attendant from February 1997 until January 1998; thus, this work is considered relevant. . . . The undersigned finds that the claimant can perform her past relevant work as a childcare attendant and was therefore, not under a disability as defined in the Social Security Act."))

Section 404.1520(e) of the Commissioner's regulations requires a review and consideration of a plaintiff's residual functional capacity and the physical and mental demands of the past work before a determination can be made that the plaintiff can perform her past relevant work.  Social Security Ruling 82-62 provides that evaluation under § 404.1520(e) "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of . . . her PRW to determine whether the individual can still do that work."  *See also Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (to support a conclusion that a claimant "is able to return to her past work, the ALJ must consider all the duties of that work and evaluate her ability to perform them in spite of her impairments").

> The RFC to meet the physical and mental demands of jobs a
> claimant has performed in the past (either the specific job a

6

> claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of "not disabled."
>
> . . .
>
> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.
>
> Sufficient documentation will be obtained to support the decision. Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work). Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source. Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

SSR 82-62. In finding that a claimant has the capacity to perform a past relevant job, the decision of the Commissioner must contain among the findings, a finding of fact as to the claimant's residual functional capacity, a

7

finding of fact as to the physical and mental demands of the past job/occupation, and a finding of fact that the claimant's residual functional capacity would permit a return to the past job or occupation. *Id.*

Plaintiff contends that the ALJ made the following errors: (1) he improperly assigned controlling weight to the opinion of the consultative orthopedist, Dr. Andre Fontana, in violation of 20 C.F.R. § 404.1519, because Fontana's report was not consistent with available medical information and was inconsistent with the consultant's own treatment notes when he was the treating physician; and (2) he failed to pose a comprehensive hypothetical to the vocational expert ("VE") in that he failed to include in the question plaintiff's severe impairment of osteoarthritis of the right hip.

Plaintiff's primary argument is that the ALJ erred in assigning controlling weight to Dr. Andre Fontana's consultative examination in violation of 20 C.F.R. § 404.1519 because that particular report was inconsistent with available medical evidence establishing osteoarthritis of the right hip and inconsistent with the consultant's own treatment notes when he was plaintiff's treating physician.[4] The undersigned does not agree with

---

[4] Plaintiff makes the related argument that the ALJ erred in failing to pose a comprehensive hypothetical question to the vocational expert ("VE") inasmuch as the question failed to contain reference to the ALJ's own finding that plaintiff has a severe impairment of osteoarthritis of the right hip. Because the undersigned finds that Dr. Fontana's RFC opinion

8

plaintiff's argument and, moreover, finds substantial support in the record for the ALJ's reliance upon Dr. Fontana's RFC assessment in posing his hypothetical question to the VE and ultimately determining that plaintiff can perform her past relevant work as a childcare attendant.

The medical evidence of record in this case establishes a clear history of degenerative disc disease of the lumbar spine and osteoarthritis of the right hip. (*See, e.g.,* Tr. 148, 163, 168 & 178) In fact, Dr. Andre Fontana treated plaintiff conservatively for both impairments for some period of time beginning in 2003. (*Id.* at 148; *see also* Tr. 249 (plaintiff's testimony that she began her treatment with Dr. Fontana in 2003)) Indeed, all the evidence of record in this case establishes conservative treatment of both conditions by either Dr. Fontana or his partner, Dr. Michael Granberry. (*See id.* at 163, 213-216, 235 & 237-238; Tr. 254 (plaintiff's testimony that Dr. Granberry told her that he could treat her with pain medication and physical therapy and that if her pain "stays bad enough, that they can go in with a shot[]"))

On MRI scan of the lumbar spine on April 29, 2003, a history of low back pain with pain and numbness extending into the right hip and leg was

---

regarding plaintiff supported by the record, the ALJ's failure to notify the VE of plaintiff's osteoarthritis of the right hip was harmless error. In other words, it was not necessary for the ALJ to apprise the VE of the osteoarthritis of the right hip since that impairment did not entail any physical limitations not contemplated in Dr. Fontana's RFC assessment.

9

noted. (Tr. 178) Plaintiff specifically testified at the hearing that she experiences low back pain that radiates into her right hip and leg and offered the opinions of one of her treating orthopedists and her chiropractor for why she experiences pain. (*See* Tr. 249 ("I was going back and forth to a chiropractor and getting my back and hip aligned. She said that my . . . hip . . . kept slipping out of place, and it was making the . . . nerve in the lumbar part of my back being pinched[] and that was causing the severe pain to go down my leg."); Tr. 250 & 251 ("[Dr. Granberry] told me that, in the lower part of my back, the lumbar section, he said there is a bulging disk due to arthritis that's in my back, and that's pressing up against the sciatic nerve or the main nerve in my back. . . . [The pain] bothers me in my back, going up my back, the low part of my back, all across my right hip, and it goes down my leg, up under my foot and then my toes even go numb.")) When Weaver was examined consultatively by her former treating physician, Dr. Fontana, on August 9, 2004, the following notation was made: "She has been seen by Dr. Granberry and myself in 2003, diagnosed with arthritis of the hip, degenerative disc disease. Currently she is treated by Dr. Granberry, treated for low back pain, pain down the right leg, numbness and tingling in the right leg, no bladder or bowel problems, painful range of motion with activity." (Tr. 209)

This recitation of plaintiff's treatment history is correct and, moreover, is consistent with plaintiff's testimony regarding the pain she is experiencing. Accordingly, when Dr. Fontana concluded his examination recitation with the sole diagnosis of degenerative disc disease of the lumbar spine with possible radiculopathy (Tr. 210), his failure to specifically mention her right hip impairment was insignificant because he clearly recognized that impairment in his report and was simply focusing on the impairment that was the root cause of plaintiff's pain and limitations, that is, her lumbar impairment which causes pain in her back that radiates into her right hip and leg. Moreover, given the relatively severe physical limitations set forth by Dr. Fontana in the physical capacities evaluation ("PCE") (Tr. 211), it is clear to the undersigned that Dr. Fontana took into consideration that plaintiff experiences back pain which radiates into her right hip and leg inasmuch as the non-examining, reviewing physician in this case indicates, upon consideration of plaintiff's low back and hip impairments, that Weaver can perform appreciably more standing and walking at one time than does Fontana (*compare* Tr. 199 *with* Tr. 211 & 260). Plaintiff has come forward with no evidence which would begin to suggest, much less establish, that the manner in which Dr. Fontana completed the PCE would have been any different had he included in his

"impression" section the acknowledged right hip impairment. As aforesaid, the evidence, in fact, establishes the contrary.

In light of the foregoing, the undersigned recommends that the Court find that the ALJ in this case did not err in assigning controlling weight to Dr. Andre Fontana's consultative opinion and, moreover, did not pose an improper hypothetical to the vocational expert. Given the VE's testimony that plaintiff is capable of performing her past relevant job as a childcare attendant based on the PCE completed by Dr. Fontana (Tr. 259-260), the Commissioner's fourth-step denial of benefits should be affirmed.

## **CONCLUSION**

The Magistrate Judge recommends that the decision of the Commissioner of Social Security denying plaintiff benefits be affirmed.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 6th day of June, 2006.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

13